FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 16 2006

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BRUCE SIMMONS,<br>Inmate # 54822-004,<br>    Plaintiff,<br><br>    v.<br><br>JAMES L. EDMONDSON,<br>Chief Judge, et al.,<br>    Defendants. | ::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>:: | CIVIL ACTION NO.<br>1:06-CV-1541-WSD<br><br><br><br>PRISONER CIVIL RIGHTS<br>28 U.S.C. § 1331 |

## ORDER AND OPINION

On July 25, 2006, this Court entered an Order [Doc. 2] and Judgment [Doc. 3] dismissing Plaintiff's Bivens action for failure to state a claim against the twenty federal judges named as Defendants.  On August 2, 2006, within the ten-day time limit for a motion to alter or amend a judgment, Plaintiff filed the instant Motion for Reconsideration.  [Doc. 4.]

### I. Federal Rules of Civil Procedure 59(e) and 60(b) Standards

A party may seek relief from a judgment pursuant to either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b).  A "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  "The courts have delineated three major grounds justifying reconsideration [pursuant to Rule 59(e)]: (1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent

manifest injustice." <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (M.D. Fla. 1994). <u>See also</u> <u>United States v. Battle</u>, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (noting, in the § 2255 context, the same "three primary grounds for reconsideration of a judgment," and stating that the movant "must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision") (internal quotations omitted). The decision whether to grant a Rule 59(e) motion is "committed to the sound discretion of the district judge." <u>Am. Home Assurance Co. v. Glenn Estess & Assocs.</u>, 763 F.2d 1237, 1238-39 (11th Cir. 1985).

> Rule 60(b) provides relief from a final judgment for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A Rule 60(b) movant "must demonstrate a justification for relief so compelling that the district court [is] *required* to grant [his] motion." <u>Rice v. Ford Motor Co.</u>, 88 F.3d 914, 919 (11th Cir. 1996). Moreover, Rule

2

60(b)(6) provides "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Id. A Rule 60(b) motion is also committed to this Court's discretion. See Am. Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

## II. Discussion

Plaintiff argues in his motion for reconsideration that this Court erred in its prior Order by improperly applying the rule in Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000), that federal judges are not amenable to claims for equitable relief whenever a plaintiff has "an adequate remedy at law." [Doc. 4 at 3.] Plaintiff states that because the legal remedy that he formerly possessed is no longer available to him, he now may seek equitable relief despite Defendants' absolute immunity from claims for money damages. [Id. 2-4.] Plaintiff cites Pulliam v. Allen, 466 U.S. 522 (1984), for the proposition that "[j]udicial immunity is not a bar to prospective injunctive relief against [a] judicial officer acting in her judicial capacity." [Doc. 4 at 3.] Plaintiff also argues that this Court's reliance on Holmes v. Crosby, 418 F.3d 1256 (11th Cir. 2005) was misplaced. The basis for Defendant's argument that Holmes was misapplied is not entirely clear to the Court. [Doc. 4 at 5.]

3

In <u>Bolin</u>, the Eleventh Circuit acknowledged the holding in <u>Pulliam</u> that state judges are not immune from civil rights claims for injunctive relief.  But, the <u>Bolin</u> court also noted that most federal courts which have considered the "precise question of whether this <u>Pulliam</u> limit on judicial immunity applies to federal judges as well . . . . have held that the doctrine of absolute judicial immunity serves to protect *federal* judges from injunctive relief."  <u>Bolin</u>, 225 F.3d at 1240. In weighing the various considerations regarding the application of absolute judicial immunity, the <u>Bolin</u> court concluded that "the stronger argument favors the grant of absolute immunity to the defendant federal judges in this case."  <u>Id.</u> at 1240-42.  The court noted further that, "even assuming *arguendo* that the <u>Pulliam</u> decision applies equally in <u>Bivens</u> actions against federal judges, that decision has been partially abrogated by statute."  <u>Id.</u> at 1242 (stating that "in 1996, Congress . . . amended § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer . . . [acting in his or her] judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable'").

Even if federal judges do not enjoy absolute immunity from claims for equitable relief, the Court in <u>Bolin</u> observed that "the 1996 amendment to § 1983

4

would limit . . . plaintiffs to declaratory relief[,] . . . [to which they] are not

entitled . . . as there is an adequate remedy at law.  Therefore, *for this reason as*

*well*, the district court properly dismissed plaintiffs' claims against the defendant

judges."  Id.  (Emphasis added.)  See also Bryan v. Murphy, 243 F. Supp. 2d

1375, 1379-80 & n.2 (N.D. Ga. 2003) (Martin, J.) (concluding, relying on Bolin,

that federal judges are absolutely immune from all claims arising out of acts taken

in their judicial capacity, including claims for equitable relief, noting that, even if

the judges were not absolutely immune, plaintiff's equitable claims "would fail

because he cannot establish the prerequisites" for such relief).

Plaintiff correctly points out that the plaintiffs in Bolin still had legal

remedies available to them when the Eleventh Circuit affirmed the dismissal of

their equitable claims.  [Doc. 4 at 4.]  This Court is not aware of any principled or

reasoned basis for concluding that the outcome in Bolin would have been

different had the plaintiffs exhausted their legal remedies before pursuing

equitable relief.  If Plaintiff's distinction applied, it would allow any litigant

dissatisfied with his outcome in federal court to exhaust his direct and/or

collateral attacks with respect to that outcome, and, if unsuccessful, petition a

second federal judge for equitable relief by overturning the rulings of the court in

5

his initial federal litigation, claiming the litigant now does not have an adequate remedy at law.  Whether a plaintiff has an adequate remedy at law, however, does not depend upon the relative timing of the plaintiff's lawsuits seeking legal versus equitable remedies.  See Mathes v. United States, 901 F.2d 1031, 1033 (11th Cir. 1990) (concluding that federal district court lacked equitable jurisdiction over taxpayer's lawsuit "because the taxpayer had an adequate remedy of law available to him," namely, the right to "petition the Tax Court for a redetermination of the [tax] deficiency," even though that right was no longer available because the Tax Court previously had denied as untimely the taxpayer's petition for redetermination).  In this case, Plaintiff had an adequate remedy at law with respect to the rulings that he seeks to challenge here, they simply were not longer available.  Even if Defendants are not absolutely immune from Plaintiff's equitable relief claims, equitable relief is not available to Plaintiff in this action.

Finally, because Plaintiff has not presented "facts or law of a strongly convincing nature to induce the court to reverse its prior decision," see Battle, 272 F. Supp. 2d at 1357, his arguments regarding the merits of his claims are insufficient for the Court to rescind its July 25, 2006, order.  [See Doc. 4 at 6-10.]

6

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration of Order

Dismissing Civil Rights Complaint [Doc. 4] is **DENIED.**

**IT IS SO ORDERED**, this 16th day of October, 2006.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)